a Memorandum. — In the vacation previous to this term, to wit: on the 22d of July, 1744, Judge Layton resigned his office of Associate Judge of the State; and the Hon. David Hazzard, of Sussex county, was on the 10th of December, appointed to succeed him.
It appeared in proof that the respondent sold a small vessel to Solomon for $125, and placed his note for that amount in the hands of an attorney, for collection. He brought suit, and afterwards mislaid the note. The defendant came to the attorney, and said the note was for $100, upon which a judgment was confessed for that sum, and the money paid. The note was afterwards found; and the defendant promised to rectify the mistake. This suit was brought for the difference.
The attorney was objected to as a competent witness on account of his liability over to his clients. But the court decided that the *Page 188 
objection was to his credit, and not to his competency. It assumes that he is interested in this question, and not in the event of the suit. The judgment in this case could not be given in evidence in a suit against him. It was also objected that, on the pleadings, he could not prove such a promise.
Bates, jr. — The action is in assumpsit for goods sold, c., — the common counts. There is no count on a special promise. If it is for the price of the vessel, that matter has already passed into judgment. No one can pretend that this matter is not shut up by the judgment. The suit then is for something else — for $25; which the defendant made a special promise to pay in consideration of a supposed error in the settlement of a former suit. Now it would not be difficult to show that there was no consideration for such a promise, but the question at present is whether such a promise is admissible in an action of assumpsit on the common counts, for goods sold and delivered. There is no count giving us notice of any such promise, and no issue under which it can be given in evidence.
Huffington. — No man shall take advantage of his own wrong. The judgment in the former suit was entered by mistake caused by the misrepresentation of the defendant. It was taken for $25 less than was due. I propose now to prove that he admitted this, and promised to pay it. How could I prove this on a special count without reference to the previous claim for the vessel sold and delivered? I should have to show this as a consideration. I consider this promise as equivalent to the statement of an account between the parties, and an admission of a sum due, and there is a count on an account stated.
The Court. — It appears that in reference to the subject matter of this suit there has been a judgment confessed; and the effort is to recover more on the assumption of a mistake in the original judgment; and a special promise by the defendant to pay any further amount which might be proved to be due. Such evidence cannot be admitted under any count in this declaration, which has reference altogether to the original demand for the price of the vessel, and which matter now appears to have passed into judgment.
 Evidence ruled out and plaintiff nonsuited.